PRIGMORE *et al. v.* M. E. SHELTON *et al.*

AND

PECK *v.* M. E. SHELTON *et al.*

VENDOR AND VENDEE. *Covenants.* In the absence of fraud, accident or mistake, the vendee must rely solely upon his covenants from the vendor for relief; thus, the vendee of a purchaser at a sheriff's sale, which is void on account of tracts not contiguous being sold as one body of land, whose deed contains no other covenant than special warranty, has no remedy as against his vendor.

---

FROM MARION.

---

Appeal from the Chancery Court at Jasper. W. M. BRADFORD, Ch.

W. E. DONALDSON for complainant.

W. D. SPEARS for defendant.

FREEMAN, J., delivered the opinion of the court.

Upon careful examination of this very large record, we find it turns solely on two questions.

First—Whether the title is defective to the land purchased by Mrs. Peck from Mrs. Shelton, and such a defect as would entitle her to a rescission under her cross-bill, because sold in gross by the sheriff under an order of sale from this court, when the same consisted of separate and independent tracts, not connected with each other, and treated by the owner as making one body.

Second—Whether, under the facts in the record, and the covenant of special warranty in the deed from Mrs. Shelton to Mrs. Peck, she can take advantage of such defect, or must stand alone on her covenant of special warranty.

To the first question, we are compelled to answer, the sale of land was in gross, and the lands sold were independent tracts; at any rate, the large body was separated from the smaller tract by at least half a mile, and the lands of Prior and Haley intervened between the smaller tract and the other.

Our cases have intimated, and we think correctly, that strangers, who had no claim to be enforced against the land whatever, might not be permitted to interpose this objection, the creditor whose lands had been sold, himself acquiescing in it, and that in other cases perhaps the acquiescence of all parties might be to such an extent as to estop them from denying the validity of the sale: 2 Lea, 120. This case, however, does not come within any suggested exception, as we see the heirs of Peck, who were the defendants in the execution, or order of sale rather, under a *sci. fa.,* were all minors at the time of the sale, and so far as we can see, remain such at the present time. Under these circumstances, any acquiescence on their part could not affect them by way of estoppel; and a court of equity would not require a party to take a defective title, nor hold this a valid one, that may be subject to be defeated by the heirs on coming of age, or any one of them, to the extent of his interest, until the last one shall attain majority.

But the other question is conclusive against the complainant in the cross-bill, under the rule given in the case of *Lowry et al.* v. *Brown et al.*, 1 Cold., 460. It is, that "The rule is well settled, and is presumed to be known to any purchaser of real estate, that in the absence of fraud, his only indemnity, in case of failure of title, depends on the covenants in his deed; and if he accepts a deed without sufficient covenants for his security, and there be no element of fraud, mistake or other equity in the transaction, he takes the title at his own risk, and is without a remedy, either at law or in equity, in the event of a failure of title:" Citing 4 Kent's Com., 522—notes. There is in this case, as in that, no explanation to repel the presumption, that the vendor refused to give a broader obligation, because of mutual knowledge or suspicion of defects of title. On the contrary, she was party to the sale—was guardian of the heirs, her children—and so may be held to have had knowledge of the sale, and its defects, if any. Other circumstances found in the record aid this view, which we need not refer to, as this is conclusive of the result of the case.

We do not deem it necessary to discuss the several other questions argued by the learned counsel. We find nothing in them, either in law or in the facts advanced in support of them, on which a reversal can be predicated. The decree, however, will be amended so as to show that the dower of Mrs. Peck is not to be affected.

The result is, that the decree of the chancellor must be affirmed with costs.